IN FEBRUARY, 1846.

---

WHEELER and others *vs.* McFARLAND.

An officer recovering double costs of a suit brought against him, for an act done by virtue of his office, which suit was wholly defended by a party in interest who had given him a bond of indemnity, is not entitled to such costs. They belong to the party who undertook and carried on the defence.

IN September, 1828, the defendant was sheriff of the county of Washington, and levied upon certain personal property by virtue of a *fi. fa.* in favor of one *David Vaughn.* The plaintiffs thereupon brought this action of replevin. The defendant refused to incur any risk of expense in the defence of the suit, and never did any thing whatever by way of defending it. Vaughn undertook the defence, and gave the defendant a good and sufficient bond of indemnity. Vaughn employed the attorney and counsel, and paid them; and he conducted and paid all the expenses of the defence from beginning to end. The suit lately came to a final end by a judgment in favor of the defendant for damages and costs; and the double costs allowed to the defendant as an officer—or in other words, the sum beyond single costs—was $181,16. An execution has been issued on the judgment to the present sheriff of Washington, who has collected, and now has the money in his hands. By an order

[183]

endorsed on the execution by the attorney, the sheriff was directed to retain the above sum in his hands until the right to it should be settled between the defendant and Vaughn.

*O. Clark* and the defendant *McFarland* in person now moved for an order on the sheriff to pay over the said sum of $181,16 to the defendant. Notice of the motion was served on the sheriff, the attorney who defended the suit, and on Vaughn.

*M. T. Reynolds & W. Hay*, for Vaughn.

*By the Court,* BRONSON, Ch. J.   The case of *McFarland* v. *Crary,* (8 *Cowen,* 253, *and* 6 *Wend.* 297, *in error,*) is in point against granting this motion.   In that case double costs had been adjudged to an officer, and the money had come into the hands of the attorneys who conducted the defence.   The officer sued the attorneys for the double or increased costs; but this court held that the money belonged to the attorneys, and gave judgment against the officer.   That judgment was affirmed by the court of errors.   So far as can be gathered from the opinions delivered, the affirmance did not proceed upon the ground that the attorneys were entitled to the money; but on the ground that it belonged to one Billings, who had indemnified the officer, and carried on the defence.   But whether the money belonged to the attorneys or to Billings, both courts were agreed that it did not belong to the officer.   That point was directly and necessarily adjudged.   Now in this case Vaughn indemnified the defendant, retained the attorney, and took upon himself the whole burden of the defence.   The defendant did nothing; and has suffered nothing; and following the case which has been mentioned, it is clear that the costs do not belong to him.

Motion denied.